**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FATOUMATA SAMOURA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-5178** |
| | : | |
| **TRANS UNION LLC** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **March 10, 2021**

Fatoumata Samoura agreed to pay back four student loans to Fedloan beginning in 2008. She fell at least 120 days behind on her loan payments by July 2014.  Fedloan transferred her four loans to a new creditor by March 2015.  She thereafter owed nothing to Fedloan after it transferred her long overdue loans.  Ms. Samoura received her credit report from Trans Union at some unplead later time.  Her credit report of an unplead date referenced a zero-balance owed to Fedloan but a pay status of account 120 days past due date.  Her lawyers disputed Trans Union's reporting of the Fedloan obligation forty-two months after Fedloan transferred the loans.

Her lawyers, as they did in *Bibbs v. Trans Union LLC* decided by us approximately two weeks ago, argue Trans Union's report of her Fedloan debt is patently inaccurate or materially misleading under the Fair Credit Reporting Act.  Under their reading, Ms. Samoura could not both have a zero-balance and a pay status of account 120 days past due even with the readily apparent close of the account upon transfer and graphic history of eight months of the loans due over 120 days before the identified transfer date.  Ms. Samoura is mindful we already found this nearly identical language is not inaccurate or materially misleading in *Bibbs.* But her lawyers today cross-move for judgment as a matter of law to essentially ask us to reconsider *Bibbs*.  They argue we erred in relying on inapposite cases, and we should liberally construe the Act in her favor and reserve questions of accuracy for the jury.  We again studied our *Bibbs* analysis.  We

again find no amount of liberal construction can turn accurate reporting into a question of fact for the jury simply because the consumer concludes the reference is inaccurate or materially misleading. Ms. Samoura has a zero balance on loans 120 days past due when Fedloan closed her account.  Both statements are accurate as confirmed by other references in the same report.  Ms. Samoura does not plead she paid off the Fedloan accounts before transfer. We might have a different result if she did.

As the parties cross-moved for judgment on the pleadings and even after viewing the facts in the light most favorable to Ms. Samoura, we grant Trans Union's motion for judgment on the pleadings.  We grant her leave to timely amend should she be able to plead a patently inaccurate or materially misleading statement based upon facts not presently plead. We deny Ms. Samoura's cross-motion for judgment.

I.     **Alleged undisputed facts**

Student loan provider Fedloan extended one student loan to Fatoumata Samoura in 2008 and three more in 2011.[1]  Ms. Samoura fell behind on her loan payments in early 2014.[2]   Each of Ms. Samoura's loan accounts had been more than 120 days past due after July 2014.[3] FedLoan transferred three of Ms. Samoura's accounts on February 16, 2015 and another account on March 16, 2015.[4]  It transferred these four accounts to another lender, and thus Ms. Samoura no longer owed it money.  Her account balance owed to FedLoan became $0.[5]

Ms. Samoura received a credit report from Trans Union LLC sometime years later at an unplead time and for an unplead reason.  According to Ms. Samoura, the credit report at this unplead date listed the "Status" of her accounts as "Account 120 Days Past Due" but listed a $0 balance.[6]  Ms. Samoura's attorney, who has now filed more than eighty complaints  across the country alleging nearly identical facts, sent Trans Union a dispute letter on September 27, 2018

questioning the accuracy of her credit report and threatening to file a lawsuit if "this incorrect information is not removed or corrected."[7] He explained his dispute as, "it is impossible for [the loans'] current status to be listed as late" if Ms. Samoura owes Fedloan "no money and has no payments that are behind."[8]

Trans Union timely responded to Ms. Samoura's attorney's letter with the results of the investigation into her dispute.[9] The investigation results displayed excerpts of how her account information "appears on [Ms. Samoura's] credit report." [10] One of the four excerpts demonstrates:

**FEDLOAN SERVICING #** [____]7FD0**** ( POB 60610, HARRISBURG, PA 17106, (800) 699-2908 )
We investigated the information you disputed and updated: **Date Updated; Date Closed; Remarks; Rating.**
Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Date Opened: 10/24/2011 | Balance: $0 | Pay Status: >Account 120 Days Past Due Date< |
| Responsibility: Individual Account | Date Updated: 02/16/2015 | Terms: Monthly for 120 months |
| Account Type: Installment Account | High Balance: $4,500 | Date Closed: 02/16/2015 |
| Loan Type: STUDENT LOAN | | >Maximum Delinquency of 120 days in 06/2014 and in 02/2015< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 11/2020

| | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | 60 | 60 |

| | 01/2014 | 12/2013 | 11/2013 |
|---|---|---|---|
| Rating | OK | OK | X |

Each of the excerpts shows Ms. Samoura has a zero-dollar balance on her student loans as of early 2015.[11] The four excerpts show a "Pay Status" of ">Account 120 Days Past Due Date<."[12] The "Remarks" section of all four excerpts reads "DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE."[13] Three of the four excerpts list February 16, 2015 as the "Date Updated" and the "Date Closed,"[14] and show the accounts had a "Maximum Delinquency of 120 days in 06/2014 and 02/2015."[15] The final excerpt lists March 16, 2015 as the "Date Updated" and the "Date Closed," and shows the account had a "Maximum Delinquency of 120 days in 07/2014 and 03/2015."[16] None of the accounts list "Rating" information beyond the month and year of the

account closure date.[17]  Each excerpt lists November 2020 as the "estimated month and year the item will be removed."[18]

In October 2020, just weeks before Trans Union scheduled to remove this reference, Ms. Samoura sued Trans Union for violating the Fair Credit Reporting Act by inaccurately reporting her Pay Status as ">Account 120 Days Past Due Date<" and failing to adequately investigate and correct her Pay Status following her dispute.[19]  She alleges this purported inaccuracy "negatively reflects upon the Plaintiff, their credit reporting history, their financial responsibility as a debtor and their credit worthiness."[20]  She does not allege she has personally been denied credit or offered credit at an unduly high rate as a result of this allegedly inaccurate reporting. She does not allege ongoing harm from an entry now presumably removed.  She instead alleges she suffered unspecified "actual damages" and "great physical, emotional, and mental pain and anguish" as a result of Trans Union's reporting.[21]  She further alleges her "credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit," and thus, "the inaccurate information furnished by FedLoan and reported by Trans Union is continuing to damage [her] credit rating as well as [her] credit reputation."[22]  She does not address the fact Trans Union assured her these accounts would disappear from her credit report in November 2020, and she does suggest Trans Union did not remove these accounts by this scheduled date.

## II.    Analysis

Ms. Samoura alleges Trans Union at some unplead time: (1) reported inaccurate and "extremely misleading" information by listing her "Pay Status" as ">Account 120 Days Past Due Date<" even though her loans "were fully satisfied" with a zero-dollar balance[23]; (2) negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of its

report; and (3) failed to conduct a "good faith investigation" into her dispute and correct the allegedly inaccurate information.[24]

Trans Union moves for judgment on the pleadings.[25] It argues, among other things not material given our holding, its credit report does not show Ms. Samoura's pay status as "currently" 120 days past due, but instead "clearly indicates [Ms. Samoura] was, *in the past*, 120 days past due" at the time Fedloan transferred her loans,[26] and the historical pay status would not mislead a creditor into believing Ms. Samoura currently owes payment on these closed accounts.[27]

After Trans Union moved for judgment but before Ms. Samoura responded, we granted judgment on the pleadings to Trans Union in *Bibbs v. Trans Union LLC*—a functionally identical case brought before us by Ms. Samoura's attorneys and defended by Trans Union's same lawyers.[28] In *Bibbs*, we found Trans Union did not report inaccurate or misleading information by reporting the student loan debtor's Pay Status as ">Account 120 Days Past Due<" because, when read in conjunction with the Date Updated, Date Closed, Balance, Remarks, and Ratings tradelines, the Pay Status clearly referred to the Pay Status of the account as of the date the furnisher closed and transferred the account. Ms. Samoura's attorneys appealed our *Bibbs* Order.

Ms. Samoura also cross-moved for judgment on the pleadings in her favor. Ms. Samoura does not seek to distinguish our decision in *Bibbs*, and concedes *Bibbs* is "directly on point."[29] Ms. Samoura instead urges us to reconsider our ruling in *Bibbs*, arguing: (1) the Fair Credit Reporting Act requires "liberal construction" in favor of the consumer; (2) "accuracy" is typically a question for the jury; and (3) the cases we cited in support of our *Bibbs* decision, specifically *Schweizer v. Equifax Solutions, LLC*, *Hernandez v. Trans Union, LLC*, *Settles v. Trans Union, LLC*, and *Gross v. Private National Mortgage Acceptance Co., LLC*, are inapposite.

5

In response to Trans Union's argument Ms. Samoura failed to plead "actual damages" or "willfulness", Ms. Samoura argues Federal Rule of Civil Procedure 8 provides a low standard.

We grant judgment on Ms. Samoura's claims because we find Trans Union's report is neither inaccurate nor misleading.  We do not address Trans Union's arguments Ms. Samoura failed to plead "actual harm" or a willful violation.

**A.    Liberal construction of the Act does not require us to find the credit report misleading or inaccurate.**

Ms. Samoura argues we should deny Trans Union judgment on the pleadings because our Court of Appeals requires "liberal construction" of the Fair Credit Reporting Act in favor of consumers.  We agree we must liberally construe the Act to protect consumers. But we do not read this interpretative guide as requiring finding an ambiguity where none exists.

Congress crafted the Fair Credit Reporting Act "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner."[30] To support these goals, Congress included "provisions intended 'to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information.'"[31]  Our Court of Appeals instructs, "'[t]hese consumer oriented objectives support a liberal construction of the [Act],' and any interpretation of this remedial statute must reflect those objectives."[32]

Our Court of Appeals defined our obligation to liberally construe the Act in *Cortez v. Trans Union*.[33]  In *Cortez*, Trans Union provided a credit report to a car dealership, and the report erroneously contained an alert from the Office of Foreign Assets Control warning the car dealership the consumer's name matched the name of a Specially Designated National—a person who is suspected of certain categories of crimes, like narcotics trafficking or terrorism, and prohibited from engaging in transactions in the United States.[34] Trans Union argued it could not

be held liable under the Act for falsely including this alert and failing to remove it after the consumer's dispute because these types of alerts fell outside the scope of the Fair Credit Reporting Act.[35]  It further argued, because no court of appeals had yet opined on whether the Act covered these alerts, Trans Union could not have "willfully" violated the Act by interpreting it to not cover the alerts.[36]

Our Court of Appeals rejected Trans Union's arguments, explaining "the breadth and scope of the [Act] is both evident and extraordinary" and "[m]oreover, it is undeniably a remedial statute that must be read in a liberal manner in order to effectuate the congressional intent underlying it."[37]

Unlike in *Cortez*, Trans Union does not argue the information it reported fell outside the scope of the Act.  Nor does it argue it has no duty to enact reasonable procedures to report maximum possible accuracy, investigate Ms. Samoura's dispute, or correct inaccurate or misleading information.  Trans Union instead argues it lived up to these duties by first reporting accurate information and, upon receiving Ms. Samoura's dispute, confirming the accuracy through an investigation.  Ms. Samoura asks us to liberally construe the Act so that every claim under the Act should proceed even if the disputed information is accurate on its face.  Under Ms. Samoura's theory, courts should always defer to the jury when a consumer thinks an accurate credit report unfairly harmed their credit history at some point.  We do not read our Court of Appeals' instruction to "liberally construe" the terms of the Act as requiring we liberally disregard plain facts and find the reported information inaccurate or misleading if the allegations and the exhibits attached to the Complaint do not plausibly support this conclusion.

**B.      The report is neither inaccurate nor misleading as a matter of law.**

Trans Union argues it did not report inaccurate or misleading information as a matter of law.  Ms. Samoura argues the question of whether her credit report is inaccurate or misleading must be decided by a jury, but if we find we can determine its accuracy, we should find the report to be inaccurate or misleading as a matter of law.  Ms. Samoura provides her dispute letter and excerpts of the credit report showing the disputed information.  We find we may determine the accuracy of the reported information using the exhibits attached to the Complaint, and we find the reported information to be neither inaccurate nor misleading.

Our Court of Appeals instructs "[a] report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect."[38]  Our Court of Appeals further advises "the issue whether 'technically correct' information was misleading in such a way that it could have been expected to have an adverse effect is generally a question for the jury."[39]  But where, as here, the parties provide the reported information in dispute and the court determines only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law.[40]

In *Schweitzer v. Equifax Solutions, LLC*, our Court of Appeals held a credit reporting agency accurately represented information in its reports as a matter of law when a mortgage account read "Over 120 Days Past Due," but the "ADDITIONAL INFORMATION" field in the same report showed "Account Paid/Zero Balance."[41]  Our Court of Appeals affirmed summary judgment as a matter of law on this entry because the reporting agency "properly reflected" the consumer paid off the balance of his account.[42]  Our Court of Appeals determined the report did not include inaccurate information.[43]  Our Court of Appeals did not cite a fact adduced in discovery nor defer to the jury to determine this issue as a matter of law.

Courts inside and outside this District also have found nearly identical information to be "accurate" as a matter of law. In *Parke v. Trans Union, LLC*, Judge Robreno found this nearly identical information is neither inaccurate nor misleading.[44]  In *Settles v. Trans Union, LLC*, a consumer argued Trans Union inaccurately listed his student loan as "120 days past due," even though the student loan account had closed leaving a balance of zero owed on the closed account.[45]  Judge Campbell, Jr. analyzed the issue under our Court of Appeals' standard for accuracy and concluded "the reported information . . . is neither inaccurate nor materially misleading."[46] Judge Campbell, Jr. found it "implausible that a creditor would be misled into believing [the consumer] is currently 120 days past due on his payment obligation each month when the reporting of the account state[d] that the account was closed . . . and ha[d] a zero-dollar balance."[47]

In *Gross v. Private National Mortgage Acceptance Co., LLC*, Judge Cogan similarly granted Trans Union's motion to dismiss the consumer's claims of inaccuracy in the credit report.[48] Like the consumer in *Settles*, the consumer in *Gross* "zeroe[d] in on the 'Pay Status' of '30 Days Past Due Date'" language of Trans Union's credit report.[49] The consumer argued Trans Union inaccurately listed the "Pay Status" as past due because a private mortgage company already transferred his loan account to a different lender.[50] Judge Cogan aptly observed reading "rest of the [credit report's] entries," rather than "read[ing] the 'Pay Status' entry in isolation," shows "the account was *previously* 30 days past due."[51] Judge Cogan held "[i]t is simply not plausible to think that a creditor would conclude" the consumer currently owed past due payments on the account.[52]

In *Hernandez v. Trans Union, LLC*, Judge Vinson also granted Trans Union's judgment on the pleadings on a consumer's claims of inaccuracy under the Act.[53]  The consumer in

*Hernandez* sued Trans Union for reporting the "pay status" of a residential mortgage loan as "120 days past due."[54] The consumer "signed a short sale agreement and sold the property securing the [l]oan," paying off the mortgage account under the terms of the short sale agreement.[55] Like the consumer reports in *Settles* and *Gross*, Trans Union reported a zero balance on the credit report in *Hernandez* and represented the creditor previously closed the loan.[56] Judge Vinson stated, "no reasonable creditor looking at the report would be misled into believ[ing] that the plaintiff was 'still late' on the Account."[57] Judge Vinson did not focus "on a single field of data" in making this decision, rather, "the [credit] report [was] reviewed and considered in its entirety."[58]

But courts outside our District have found genuine disputes of material fact may exist if a reporting agency continues to report the loans with a past due pay status as well as a monthly payment. For example, in *Mund v. Transunion*, the consumer's credit report listed her pay status as ">Account 120 Days Past Due<", but also reported a zero-dollar balance.[59] Trans Union argued the pay status, when read in conjunction with the surrounding tradelines, confirmed the 120-day delinquency occurred in the past.[60] Trans Union pointed to the zero-dollar balance, the remark the account had been closed, the date updated field, and the date closed field.[61] Judge Cogan held the consumer adequately alleged the information was materially misleading.[62] In his later opinion in *Gross*, Judge Cogan distinguished *Mund* on the grounds the credit report in *Mund* "indicated that the plaintiff still had a monthly payment of $4,123."[63]

In *Friedman v. CitiMortgage, Inc.*, the consumer defeated a motion to dismiss where CitiMortgage reported his pay status 120 days past due, reported a zero-dollar balance, and reported a $360 monthly payment.[64] Judge Briccetti held the consumer plausibly alleged the reported information could cause "lenders [to] believe plaintiff is currently delinquent,

negatively affecting potential lenders' perception of plaintiff's creditworthiness."[65]

Courts have also declined to enter judgment as a matter of law where the parties elected not to provide exhibits showing the disputed information at the pleading stage. For example, Judge Salas recently cited *Friedman* and *Mund* to deny Trans Union's motion for judgment on the pleadings in *Huggins v. FedLoan Servicing*, finding "[t]he Court cannot say here, at the pleading stage and without the disputed tradeline in the record, that a tradeline indicating that a consumer is 120 days late, after the customer had transferred the debt is not misleading as a matter of law."[66] She distinguished *Schweitzer* and *Settles* on the grounds those judges had the disputed credit information available to them when they decided those cases.[67] Judge Salas, by contrast, had to rely solely on the consumer's allegations.

In *Gatanas v. American Honda Finance Corporation*, Honda and Trans Union continued to report the pay status of a paid off car loan account as "30-59 days late," but noted a zero-dollar balance.[68] The consumer alleged if Honda and Trans Union had conducted a reasonable investigation, they "would have determined that an account with a '$0' balance could not be late and past due."[69] Trans Union and Honda moved to dismiss, noting the Pay Status and zero-dollar balance were both, in fact, accurate.[70] Judge McNulty denied the motion to dismiss, noting "[e]ven 'technically correct' information . . . can be inaccurate if 'it creates a materially misleading impression,' and –critically here—'[w]hether technically accurate information was misleading is generally a question to be submitted to the jury.'"[71] Judge McNulty held, "[i]t may be the case . . . the information is accurate or that such reporting is standard practice . . . [b]ut I cannot say as a matter of law, or simply based on the pleadings."[72] In support, Judge McNulty cited our Court of Appeals' instruction in *Seamans* to submit the question of whether a report is misleading to a jury.[73]

We recognize courts have denied judgment on the pleadings in the inapposite fact pattern where the consumer paid off his or her loan before transfer.  In *Macik v. JPMorgan Chase Bank, N.A.*, a consumer fell behind on her mortgage in August 2009, but in November 2009, she sold her house and paid off the mortgage in its entirety, including the three past due payments, leaving a zero-dollar balance.[74] Four years later, the consumer sought a mortgage for a new home.[75] The lender's automated underwriting system concluded she was "ineligible" for a loan because her Pay Status on the four-year old loan showed as "past due."[76] Judge Froeschner denied Chase Bank's converted motion for summary judgment, determining a reasonable finder of fact might conclude the "credit information was inaccurate or incomplete because it was misleading in such a way and to such an extent that it could be expected to have an adverse effect on her."[77] Ultimately at trial, the jury returned a verdict in favor of the consumer.

In *Soler v. Trans Union, LLC*, Judge Fischer denied Trans Union's motion to dismiss on similar facts.[78] In *Soler*, the consumer alleged her "[a]ccounts were fully satisfied with a $0 balance" as of December 2015, but a Trans Union report from September 15, 2018 reported her "pay status" as 120 Days Past Due Date.[79] Judge Fischer noted, "there is no definitive statement or guideline on the Credit Report indicating what 'pay status' means"; instead "Trans Union include[d] an annotated version of the Credit Report in its Motion to explain what each entry reflects and urge[d] the Court to consider the account information in its entirety."[80] Judge Fischer held, "[w]ithout Trans Union's annotation, explanation, and supplemental documentation, a jury could find that the Credit Report on its face is misleading in such a way that it adversely affects Soler's credit."[81]

Guided by our Court of Appeals' decision in *Schweitzer* as well as the well-reasoned, factually analogous opinions in *Settles*, *Hernandez*, and *Gross*, we find the reported information

accurate as a matter of law.

Like the consumers in *Settles*, *Hernandez*, and *Gross*, Ms. Samoura asks us to limit our review to the Pay Status, which reads ">Account 120 Days Past Due Date<", ignore all other tradelines, and determine a reasonable creditor would mistakenly believe she currently owes past due payments on these accounts. We decline this invitation. Nearly every tradeline contains evidence Ms. Samoura owed FedLoan money in the past, failed to make timely payments throughout 2014 and into 2015, but has no continuing obligation to FedLoan. The "Date Updated" field lists February/ March 2015, signaling the "Pay Status" of the FedLoan accounts were 120 days past due as of February/March 2015. The Ratings Key, which does not provide data for the account past March 2015, further bolsters this conclusion. And if this were not enough, the Date Closed, the Balance, and the Remarks all unequivocally confirm the account is closed with a zero-dollar balance.

Ms. Samoura is essentially asking us to read in non-existing present tense language into the "Pay Status" field and ignore the Date Updated field, the Date Closed field, the Balance field, the Remarks field, and the Ratings field to conclude Trans Union reported inaccurate or misleading information. This we cannot do. As the judges in *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor in its entirety, and in doing so, conclude the reported information is accurate as a matter of law.

Ms. Samoura's attempts to distinguish *Schweitzer*, *Settles*, *Hernandez*, and *Gross* do not persuade us. Ms. Samoura argues *Schweitzer* is inapposite because our Court of Appeals decided *Schweitzer* on appeal from a motion for summary judgment, not a motion to dismiss or motion for judgment on the pleadings. The difference in procedural posture is immaterial here. The district court did not face the issue until summary judgment. In *Schweitzer*, the credit reporting

13

agency did not move to dismiss or for judgment on the pleadings, but instead reserved its arguments for summary judgment.[82]  In determining the accuracy of the reported information, the Court of Appeals relied solely on the face of the reported account information and did not cite other discovery material.[83]  We today have the exact same information our Court of Appeals studied in *Schweitzer* at our disposal.

Ms. Samoura also notes our Court of Appeals in *Schweitzer* analyzed the accuracy of the reporting on four accounts, including one account with EMC Mortgage and one account with Americredit.[84]  While our Court of Appeals determined the reporting of the EMC Mortgage account to be accurate as a matter of law, it determined a reasonable juror could conclude the credit reporting agency inaccurately reported the Americredit account.[85]  Again, this distinction is immaterial.  The reporting of the Americredit account raised a genuine issue of material fact as to whether listing the "Current Status" as "Included in Bankruptcy" was inaccurate or materially misleading given the plaintiff's allegations the Americredit account was not included in a bankruptcy.[86]  Our Court of Appeals' ruling regarding the Americredit account has no bearing on whether a company may report the historical late pay status of a closed and transferred account.

Ms. Samoura seeks to distinguish *Settles* and *Hernandez*, calling them "factually inapposite instantly – upon the pleaded averments."[87]  But Ms. Samoura does not try to explain how *Settles* and *Hernandez* differ from her claim. Our review of the cases does not reveal any material distinctions.

Ms. Samoura attacks the holding in *Gross* on the grounds Judge Cogan held, when it comes to the Fair Credit Reporting Act, "mere imprecision is not enough."[88]  Ms. Samoura argues this line in *Gross* "is directly contrary to the in-Circuit cases already cited" without specifying which cases Judge Cogan contradicts.  This argument does not persuade us.[89]  In

*Gross*, Judge Cogan explained, "[b]ecause plaintiff does not seem to argue that the information is patently incorrect, he must point to information on his credit report that is 'materially misleading' to creditors."[90]   In describing the standard for "materially misleading," he said "mere imprecision is not enough."[91]  We do not find Judge Cogan's description inconsistent with the law in this Circuit.  In defining the "materially misleading" standard, our Court of Appeals has explained the information must be "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect."[92]  We find Judge Cogan's "mere imprecision" language consistent with our Court of Appeals' instruction information be *materially* misleading, not just misleading, to be actionable.

Ms. Samoura asks us to reject the reasoning in *Schweitzer*, *Hernandez*, *Settles*, and *Gross* and embrace *Huggins*, *Mund*, *Friedman,* and *Macik.* Material distinctions prevent us from adopting the reasoning in her cited cases.   In *Huggins*, Judge Salas determined she could not determine the accuracy of the account because the parties did not provide the disputed tradelines for her review. The same is true of the claims in *Gatanas*. Ms. Samoura and Trans Union provided the tradelines for our review. In *Mund* and *Friedman*, the credit report indicated the consumer still owed monthly payments. Ms. Samoura does not allege a similar defect in her credit report. In *Macik*, the consumer fully paid off her mortgage. Ms. Samoura does not allege she paid her accounts as of the transfer and close of her FedLoan accounts.

*Soler* is the closest call.  In *Bibbs*, we distinguished *Soler* because the consumer in *Soler* alleged she "fully satisfied" her accounts.[93]   We likened *Soler* to *Macik* and acknowledged consumers who paid off their accounts may have a stronger argument Trans Union inaccurately represents their credit history by listing "Account 120 Days Past Due" as their Pay Status.[94] Ms. Samoura also alleges she "fully satisfied" her accounts. But the credit report excerpts attached to

her Complaint and subject to our study confirm Ms. Samoura did not pay off her account like the consumer in *Macik*.   Rather, like the consumers in *Bibbs*, *Hernandez*, *Settles*, and *Gross*, FedLoan transferred Ms. Samoura's four overdue accounts to another lender and then closed the account.   Neither Ms. Samoura nor the excerpts of her credit report offer contrary facts.   We have no basis to find she paid off her overdue loans before FedLoan transferred them and closed her overdue accounts leaving her with a zero-balance owed to it.   But in the event Ms. Samoura did, in fact, pay off her loans and Trans Union inaccurately reported them as "closed due to transfer," we give Ms. Samoura leave to amend.

## III.   Conclusion

We grant judgment on the pleadings for Trans Union because it did not report inaccurate or materially misleading information which would mislead a creditor into making an adverse credit decision against Ms. Samoura.   As our Court of Appeals directed in *Schweitzer*, we make this finding as a matter of law based on plead facts and the exhibits attached to and incorporated by reference in the Complaint.   But we grant Ms. Samoura leave to timely file an amended complaint if the facts are different consistent with Rule 11.[95]

---

[1] ECF Doc. No. 1-5 at 3.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] ECF Doc. No. 1-4 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.* ¶ 11; ECF Doc. No. 15 at 3.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] ECF Doc. No. 1.

[20] *Id.* ¶ 17.

[21] ECF Doc. No. 1 ¶¶ 19, 20.

[22] *Id.* ¶18.

[23] ECF Doc. No. 1 ¶¶7-9.

[24] *Id.* ¶ 34, 14, 27, 29.

[25] "Under [Federal Rule of Civil Procedure] Rule 12(c), a court 'must view the facts in the pleadings in the light most favorable to the plaintiff and must grant the motion only if the moving party establishes that no material issue of fact remains and that it is entitled to judgment as a matter of law.'"  *Citisteel USA, Inc. v. Gen. Elec. Co.*, 78 F. App'x 832, 835 (3d Cir. 2003) (quoting *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (1986)).

[26] ECF Doc. No. 15 at 2.

[27] *Id.* at 6–8.

[28] No. 20-4514, 2021 WL 695112 (E.D. Pa. Feb. 23, 2021).

[29] ECF Doc. No. 22 at 3.

[30] *Cortez*, 617 F.3d 688, 707 (3d Cir. 2010).

[31] *Id.* (quoting S.Rep. No. 91–517, at 1 (1969)).

[32] *Id.* (quoting *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329 (9th Cir. 1995)).

[33] *Id.*

[34] *Id.* at 696.

[35] *Id.* at 707.

[36] *Id.* at 720-21.

[37] *Id.* at 722.

[38] *See Schweitzer v. Equifax Info. Solns. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (alterations in original) (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

[39] *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2014)).

[40] *Id.*

[41] *Id.* at 900–01.

[42] *Id.* at 902.

[43] *Id.*

[44] No. 20-4487, ECF Doc. No. 32 (Order) (E.D.Pa. March 5, 2021)("While Parke argues that questions about the inaccurate or misleading quality of information are for the jury, the material facts asserted in the pleadings are not in dispute. After construing those facts in the light most favorable to Parke and drawing all inferences in his favor, the Court concludes as a matter of law that the reported information is neither inaccurate nor misleading.").

[45] *Settles v. Trans Union LLC*, No. 20-84, 2020 WL 6900302, at *1 (M.D. Tenn. Nov. 24, 2020).

[46] *Id.* at * 4.

[47] *Id.* at * 5.

[48] *Gross*, 2021 WL 81465, at * 4.

[49] *Id.* at * 1.

[50] *Id.*

[51] *Id.* at * 3.

[52] *Id.*

[53] *Hernandez v. Trans Union, LLC*, No. 19-1987, 2020 U.S. Dist. LEXIS 249358 (S.D. Fla. Dec. 10, 2020).

[54] *Id.* at * 4.

[55] *Id.* at * 3-4.

[56] *Id.* at * 4-5.

[57] *Id.* at * 8.

[58] *Id.* at * 7.

[59] No. 18-6761, 2019 WL 955033, at * 1 (E.D.N.Y. Jan. 9, 2021).

[60] *Id.* at * 3.

[61] *Id.*

[62] *Id.*

[63] 2021 WL 81465 at *3.

[64] No. 18-11173, 2019 WL 4194350, at * 1 (S.D.N.Y. Sept. 3, 2019).

[65] *Id.*  at * 3.

[66] *Huggins v. FedLoan Servicing*, No. 19-21731, 2020 U.S. Dist. LEXIS 229290, *16 (D.N.J. Dec. 2, 2020) (citing *Hillis v. Trans Union, LLC*, 969 F. Supp. 2d 419, 421 (E.D. Pa. 2013)).

[67] *Id.* at * 17-18.

[68] *Gatanas v. Honda*, No. 20-7788, 2020 WL 7137854, at *1 (D.N.J. Dec. 7, 2020).

[69] *Id.*

[70] *Id.* at * 3.

[71] *Id.*

[72] *Id.* at * 4.

[73] Ms. Samoura also cites *Drexler v. Trans Union, LLC*, No. 20-2366-30JSS, 2020 WL 8299761 (M.D. Fla. Dec. 15, 2020) and *Hall v. Trans Union, Inc.*, No. 19-296, 2020 WL 70945 (E.D. Tex. Jan. 7, 2020).  These earlier cases do not address the question of accuracy, but instead find Trans Union's arguments to be premature at the pleading stage.  We find we can opine on the accuracy

of the report at this early stage because the parties provided the information, and counsel for both parties previously represented to us accuracy can be determined from the face of the investigation results. *See* Oral Argument Transcript, *Bibbs v. Trans Union*, No. 20-0415, ECF Doc. No. 44 (Feb. 19, 2021) (N.T. 4:21-24; 8:13-15).

[74] *Macik v. JPMorgan Chase Bank, N.A.*, No. G-14-44, 2015 WL 12999728, at * 1 (S.D. Tex. May 28, 2015), *report and recommendation adopted by Macik v. Trans Union LLC*, No. 14-44, 2015 WL 12999727 (S.D. Tex. July 31, 2015).

[75] *Id.*

[76] *Id.* at * 2.

[77] *Id.* at * 4.

[78] No. 20-8459, 2020 WL 7237256, at *1 (C.D. Cal. Dec. 1, 2020).

[79] *Id.*

[80] *Id.* at *3.

[81] *Id.*

[82] *See* Docket Sheet, *Schweitzer v. Equifax*, No. 08-478 (W.D.Pa.).

[83] *Schweitzer*, 441 Fed. App'x at 902.

[84] *Id.* at 891-902.

[85] *Id.* at 902.

[86] *Id.*

[87] ECF Doc. No. 22 at 7.

[88] *Gross*, 2021 WL 81465, at *2.

[89] ECF Doc. No. 22 at 7.

[90] *Gross*, 2021 WL 81465, at *2.

[91] *Id.*

[92] *Schweitzer*, 441 F. App'x at 902 (alterations in original) (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).

[93] 2021 WL 695112 at *8.

[94] *Id.*

[95] We trust Ms. Samoura's experienced counsel in our Bar will timely advise both Trans Union's counsel and us of its intent mindful of our collective reliance on the January 5, 2021 Order (ECF Doc. No. 13) setting trial obligations.